UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>    Plaintiffs,<br> v.<br><br>PERNA PAINTING & DECORATING, INC. an Illinois corporation, and JOHN PERNA in his individual capacity, and MARIA PERNA in her individual capacity<br><br>    Defendants. | Case No. 08 CV 4253<br><br>Judge Moran |

## MOTION FOR DEFAULT AND DEFAULT JUDGMENT

Plaintiffs, through counsel, move the Court under Fed.R.Civ.P. ("Rule") 55(b) for an order directing the Clerk of the Court to enter a default and default judgment jointly and severally against Defendants Perna Painting & Decorating, Inc., John Perna, and Maria Perna, and in support state:

  1.  This is an action to collect contributions, dues, and assessments owed to employee benefit plans and a union.

2. The complaint was filed on July 28, 2008, and Defendants were served with summonses and copies of the complaint on August 3, 2008, by personal service. (Aff. Service, Doc. Nos. [8][9][10])

3. Defendants have failed to appear, answer, or otherwise respond to the complaint within the time prescribed by Rule 12 and is therefore are default.

4. The total amount Defendants owe the Benefit Fund Plaintiffs is $10,733.98.[1,2] This amount consists of:

    (a) $4,763.25 in delinquent contributions revealed by an audit covering the period of December 1, 2005 through December 31, 2007 ("Audit Period");

    (b) $1,240.33 in total interest through August 27, 2008;

    (c) $1,240.33 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii);

    (d) $670.07 in audit costs;

    (e) $2,820.00 in attorneys' fees and costs;

5. Additionally, Defendants jointly and severally owe Plaintiff Union the total amount of $623.31.[3] This amount consists of:

    (a) $261.71 in union dues;

    (b) $75.00 in defense fund assessments;

    (c) $196.28 in Northern Illinois Painting and Drywall Institute assessments; and

    (d) $18.75 in contributions to the Painters & Allied Trade Labor Management Cooperation Fund.

---

[1] Ex. 2 – Declaration of Ryan Anderson and Exhibits thereto (regarding audit findings and interest on audit findings).
[2] Ex. 3 – Declaration of M. Garrett Hohimer (regarding attorneys' fees and costs).
[3] Ex. 2 – Declaration of Ryan Anderson and Exhibits thereto.

(e) $71.57 in audit costs

**WHEREFORE,** Plaintiffs request that the Court direct the Clerk of the District Court to enter a default and default judgment in Plaintiffs' favor and jointly and severally against Defendants Perna Painting & Decorating, Inc., John Perna, and Maria Perna, in conformity with the complaint and the attached declarations with exhibits. A draft Order is attached hereto as Exhibit 1.

                                  Respectfully submitted,

                                  /s/ M. Garrett Hohimer
                                  M. Garrett Hohimer
                                  One of Plaintiff's Attorneys

Marisel Hernandez
M. Garrett Hohimer
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Avenue, Suite 1720
Chicago, IL 60603
(312) 372-1646

### CERTIFICATE OF SERVICE

I certify that on September 3, 2008, I electronically filed the foregoing MOTION FOR DEFAULT AND DEFAULT JUDGMENT with the Clerk of the court using the CM/ECF system; however, there are no attorneys of record who will be sent electronic notification of such filing.

I certify that on September 3, 2008, I caused a copy of the attached MOTION FOR DEFAULT AND DEFAULT JUDGMENT to be sent via overnight delivery service to:

Perna Painting & Decorating, Inc., John Perna, and Maria Perna
253 W Denver
Des Plaines, IL 60018

                                  /s/ M. Garrett Hohimer

# Exhibit 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee, on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH )
AND WELFARE FUND, PAINTERS' DISTRICT )
COUNCIL NO. 30 PENSION FUND, and )
NORTHERN ILLINOIS PAINTERS, DECORATORS )
AND DRYWALL FINISHERS JOINT ) Case No. 08 CV 4253
APPRENTICESHIP AND TRAINING FUND; )
DONALD STEADMAN, Trustee, on behalf of the ) Judge Moran
NORTHERN ILLINOIS PAINTING AND )
DRYWALL INSTITUTE; and the DISTRICT )
COUNCIL NO. 30 OF THE INTERNATIONAL )
UNION OF PAINTERS AND ALLIED TRADES, )
AFL-CIO, a labor organization, )
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　v. )
　　　　　　　　　　　　　　　　　　　　　　　　　)
PERNA PAINTING & DECORATING, INC. an )
Illinois corporation, and JOHN PERNA in his indi- )
vidual capacity, and MARIA PERNA in her individ- )
ual capacity )
　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## ORDER

This matter having come before the Court on Plaintiffs' Motion for Judgment by Default, and the Court having jurisdiction of the parties and the subject matter, and having been fully advised of the premises and that Defendants have been served with the summons and complaint via personal service and properly notified of the motion for default and default judgment, but failed to appear, answer, or otherwise defend this cause in any way, it is hereby ordered as follows:

　　1.　That Plaintiff's Motion is granted and that Defendants are in default;

That a JUDGMENT be entered in favor of Plaintiff Charles E. Anderson, Trustee, on behalf of the Painters' District Council No. 30 Health and Welfare Fund, the Painters' District Council No. 30

Pension Fund, and the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Fund; Plaintiff Donald Steadman, Trustee, on behalf of the Northern Illinois Painting and Drywall Institute; and Plaintiff District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO, and jointly and severally against Defendants Perna Painting & Decorating, Inc., John Perna, and Maria Perna, for the amount of $11,357.29. This amount consists of:

    (a) $4,763.25 in delinquent contributions revealed by an audit covering the period of December 1, 2005 through December 31, 2007 ("Audit Period");

    (b) $1,240.33 in total interest through August 27, 2008;

    (c) $1,240.33 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii);

    (d) $741.64 in audit costs;

    (e) $2,820.00 in attorneys' fees and costs;

    (f) $261.71 in union dues;

    (g) $75.00 in defense fund assessments;

    (h) $196.28 in Northern Illinois Painting and Drywall Institute assessments; and

    (i) $18.75 in contributions to the Painters & Allied Trade Labor Management Cooperation Fund.

2. That Plaintiffs are awarded execution for the collection of the judgment, fees and costs granted; and

3. That the Court retains jurisdiction of this cause to enforce this Order.

ENTERED: _____     _____
                                                                                       UNITED STATES DISTRICT JUDGE

# Exhibit 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES E. ANDERSON, Trustee, on behalf of )
PAINTERS' DISTRICT COUNCIL NO. 30 )
HEALTH AND WELFARE FUND, PAINTERS' )
DISTRICT COUNCIL NO. 30 PENSION FUND, )
and NORTHERN ILLINOIS PAINTERS, )
DECORATORS AND DRYWALL FINISHERS )
JOINT APPRENTICESHIP AND TRAINING )
FUND; DONALD STEADMAN, Trustee, on behalf )
of the NORTHERN ILLINOIS PAINTING AND )
DRYWALL INSTITUTE; and the DISTRICT )
COUNCIL NO. 30 OF THE INTERNATIONAL )
UNION OF PAINTERS AND ALLIED TRADES, )
AFL-CIO, a labor organization, )
                                                                        Plaintiffs, )
                    v. )
PERNA PAINTING & DECORATING, INC. an )
Illinois corporation, and JOHN PERNA in his )
individual capacity, and MARIA PERNA in her )
individual capacity )
                                                                       Defendants. )

Case No. 08 CV 4253

Judge Moran

## DECLARATION OF RYAN ANDERSON

I, Ryan Anderson, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the following is true and correct.

1. I am the Director of Organizational Development of the benefit fund Plaintiffs. In that capacity, I maintain files and records for all employers, including Defendants Perna Painting & Decorating, Inc., John Perna, and Maria Perna, obligated to contribute to the benefit fund Plaintiffs.

2. This declaration is based upon the Plaintiffs' copies of Defendants' business and accounting records that are under my dominion and control, including the Payroll Audit Report of Perna Painting & Decorating, Inc.'s books and records for the period of December 1, 2005

through December 31, 2007 ("Audit Period"), and my calculations of accrued interest on the contribution delinquencies for the Audit Period. True, correct and complete copies of my calculations on these amounts, including interest calculation, are attached as Ex. A (Audit Report delinquencies), and Ex. B (Updated Interest Calculation on Audit Report delinquencies).

3. After applying all just credits, Defendants owe the benefit fund Plaintiffs a total of $7,913.98 (plus attorneys' fees and costs). This amount consists of: $4,763.25 in delinquent contributions revealed by an audit covering the Audit Period; $1,240.33 in total interest through August 29, 2008; $1,240.33 in interest as the greater of statutory liquidated damages or interest as provided by ERISA § 502(g)(2)(C)(ii); $670.07 in audit costs; and Defendant is also liable for Plaintiffs' attorneys' fees and costs under the applicable labor agreements, governing trust agreements, and ERISA § 502(g)(2).

4. After applying all just credits, Defendant owes the Plaintiff Union the total amount of $623.31. This amount consists of: (a) $261.71 in Union dues; (b) $75.00 in Defense Fund assessments; (c) $196.28 in Northern Illinois Painting and Drywall Institute assessments; (d) $18.75 in contributions to the Painters and Allied Trades Labor Management Cooperative Initiative, and (e) 71.57 in audit costs, for the Audit Period.

Executed on September 3, 2008.

_____
Ryan Anderson

Subscribed and sworn to before me
This 3rd day of September, 2008.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
ANGELICA B. AMBROSE
Notary Public, State of Illinois
My Commission Expires 10/12/2008

# Exhibit A

## PAINTER'S DISTRICT COUNCIL NO. 30

## SUMMARY REPORT

EMPLOYER:             PERNA PAINTING & DECORATING, INC.

EMPLOYER NUMBER:      341

PAYROLL AUDIT PERIOD: DECEMBER 1, 2005 - DECEMBER 31, 2007

DATE OF AUDIT:        FEBRUARY 15, 2008

CONTACT PERSON        MARIA PERNA

|  | | Deficiency by year | | |
|---|---|---|---|---|
| Benefit | 2005 | 2006 | 2007 | Total |
| Health and Welfare | $      - | $   316.40 | $  1,956.10 | $  2,272.50 |
| Pension | - | 322.00 | 1,988.00 | 2,310.00 |
| Apprenticeship Fund | - | 22.40 | 158.35 | 180.75 |
| Dues | - | 38.43 | 223.28 | 261.71 |
| Defense Fund | - | 11.20 | 63.80 | 75.00 |
| NIPDI | - | 28.82 | 167.46 | 196.28 |
| IBPAT LM&CF | - | 2.80 | 15.95 | 18.75 |
| Total Deficiencies | - | 742.05 | 4,572.94 | 5,314.99 |
| Liquidated Damages | | | | $    952.65 |
| Interest @ 1.5 % | | | | $  1,240.33 |
| Total Amount Due | | | | $  7,507.97 |

# Exhibit B

Case 1:08-cv-04253 Document 12 Filed 09/03/2008 Page 12 of 16

08/29/2008   Page 3

## PERNA PAINTING & DECORATING, INC.

Compound Period ......: Monthly

Nominal Annual Rate ..: 18.000 %
Effective Annual Rate .: 19.562 %
Periodic Rate ................: 1.5000 %
Daily Rate .....................: 0.04932%

### CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 07/15/2006 | 188.80 | 1 | | |
| 2 Loan | 01/15/2007 | 472.00 | 1 | | |
| 3 Loan | 05/15/2007 | 1,345.20 | 1 | | |
| 4 Loan | 06/15/2007 | 1,883.00 | 1 | | |
| 5 Loan | 07/15/2007 | 874.25 | 1 | | |
| 6 Payment | 08/29/2008 | 6,003.58 | 1 | | |

### AMORTIZATION SCHEDULE - Normal Amortization

| Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan 07/15/2006 | 188.80 | | | | 188.80 |
| 2006 Totals | 188.80 | 0.00 | 0.00 | 0.00 | |
| Loan 01/15/2007 | 472.00 | | 17.64 | 17.64- | 678.44 |
| Loan 05/15/2007 | 1,345.20 | | 41.63 | 41.63- | 2,065.27 |
| Loan 06/15/2007 | 1,883.00 | | 30.98 | 30.98- | 3,979.25 |
| Loan 07/15/2007 | 874.25 | | 59.69 | 59.69- | 4,913.19 |
| 2007 Totals | 4,574.45 | 0.00 | 149.94 | 149.94- | |
| 1  08/29/2008 | | 6,003.58 | 1,090.39 | 4,913.19 | 0.00 |
| 2008 Totals | 0.00 | 6,003.58 | 1,090.39 | 4,913.19 | |
| Grand Totals | 4,763.25 | 6,003.58 | 1,240.33 | 4,763.25 | |

# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee, on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee, on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>    Plaintiffs,<br> v.<br><br>PERNA PAINTING & DECORATING, INC. an Illinois corporation, and JOHN PERNA in his individual capacity, and MARIA PERNA in her individual capacity<br><br>    Defendants. | Case No. 08 CV 4253<br><br>Judge Moran |

State of Illinois )
      ) SS:
County of Cook )

### DECLARATION OF MARK GARRETT HOHIMER

I, Mark Garrett Hohimer, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1. I am an attorney and have been an associate with the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez ("JBOSH") since June 1, 2007. I received my Juris Doctorate degree from the University of Notre Dame Law School in 2006. I am licensed to practice law in Illinois (2007), and the Northern and Central Districts of Illinois (2007). I concentrate in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions. I have personal knowledge of the facts set forth in this declaration and am competent to testify if necessary.

1

2.  Marisel A. Hernandez is an attorney and a partner in the law firm of Jacobs, Burns, Orlove, Stanton & Hernandez. She received her Juris Doctorate degree from New York University School of Law in 1982. She is licensed to practice in Illinois (1985), New York (1983), and New Jersey (1983), in the Northern District of Illinois (1989), the Southern District of New York (1984), and the United States Court of Appeals for the Seventh Circuit (1997). She concentrates in the areas of ERISA, union representation, and employment law, including the representation of employee benefit funds in ERISA actions.

3.  I have reviewed my firm's billing records on this matter and have determined that all of the work in connection with this case has been performed by Marisel A. Hernandez and me.

4.  My firm has spent a total of 8.6 billable hours on this matter. Marisel A. Hernandez has spent 1.2 billable hours on this matter, and I have spent a total of 7.4 billable hours on this matter. A reasonable and customary billing rate for the services performed by Marisel Hernandez is $350.00 per hour, and a reasonable and customary billing rate my services is $250.00 per hour. At these rates, attorneys' fees total $2,270.00.

5.  Plaintiffs have also incurred costs totaling $550.00 in connection with this matter. These costs include $350.00 in filing fees, $25.00 for online public records research, and $175.00 for service of process.

6.  The above fees and costs, totaling $2,820.00 were all necessary and are reasonable in amount.

Executed on September 3, 2008.

_____
M. Garrett Hohimer

Subscribed and sworn to before me
this 3rd day of September, 2008.

_____
NOTARY PUBLIC



MIRIAM H. RIOS
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
February 26, 2011

2